**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN K. TOSCANO, | No. 19-16288 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06800-EMC |
| v. | |
| NANCY ADAM; et al. | MEMORANDUM[*] |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner Benjamin K. Toscano appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Toscano failed to raise a genuine dispute of material fact as to whether Lenoir was deliberately indifferent to Toscano's chronic back problems and pain. *See id.* at 1057-60 (deliberate indifference is a "high legal standard" that requires a defendant is aware of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not err in declining to address Toscano's retaliation claim because it was raised for the first time in his opposition to summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (holding that allowing the plaintiffs to proceed with a new theory of liability at summary judgment after the close of discovery would prejudice the defendants).

The district court properly dismissed Toscano's claims against defendants Strawn, McCabe, McClean, McConnell, and Lewis in the operative second amended complaint because Toscano failed to allege facts sufficient to state a plausible claim. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (reviewing de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations

2                                                                                    19-16288

sufficient to state a plausible claim for relief); *Toguchi*, 391 F.3d at 1057-60 (deliberate indifference standard).

Toscano's request for mediation (Docket Entry No. 23) is denied.

**AFFIRMED.**